UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CAMARA,<br><br>               Petitioner,<br><br>   v.<br><br>STEPHANIE L. JAMES, Chief Probation Officer of San Joaquin County<br><br>               Respondent. | No. 2:18-cv-00592-GGH<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner appears pro se and in forma pauperis in this habeas corpus matter filed on March 20, 2018. ECF No 1. On May 3, 2018, respondent filed a motion to dismiss. ECF No. 7. On May 11, 2018, this court ordered petitioner to file an Opposition or a Statement of Non-Opposition to that motion to dismiss within 30 days. EECF No. 9. Petitioner has done neither.

The petition in this case claims that petitioner is being denied his right to a speedy trial, and that he is being held in the San Joaquin County jail without due process of law after having been wrongfully declared incompetent to stand trial. ECF N. 1 at 2,3.

In her Motion to Dismiss, respondent agrees that petitioner was found incompetent to stand trial on February 4, 2018, and provides a court minute order reflecting that determination.[1] ECF 7-2 at 5. Respondent also filed another court document reflecting that on March 27, 2018,

---

[1] Respondent files two Superior Court documents that will be accorded judicial notice by this court pursuant to Federal Rule of Evidence 201(b)(2).

1

the court found petitioner competent to stand trial and set a date for further arraignment on April 26, 2018, id. at 7, at which time he was scheduled for future arraignment on May 30, 2018. Id. at 8. At this point, therefore, it appears petitioner is either being tried, or scheduled to be tried, in the Superior Court.

## *DISCUSSION*

Respondent's Motion to Dismiss is predicated upon the abstention doctrine, a corollary to the habeas exhaustion doctrine. See Brown v. Ahern, 676 F.3d 899 (9th Cir. 2012) citing Carden v. Montana, 626 F.2d 82 (9th Cir. 1990). Under either rubric, and in light of petitioner's lack of opposition, this 28 U.S.C. section 2241 habeas petition should be dismissed. The undersigned will review it under abstention principles.

To the extent petitioner is attempting to challenge ongoing criminal proceedings, principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue, in this case the failure to conform the prosecution to the speedy trial doctrine. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). In other words, petitioner seeks to have this court restrain the Superior Court from making further orders affecting petitioner. Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Younger, 401 U.S. at 46, 91 S. Ct. at 751 (*quoting* Fenner v. Boykin, 271 U.S. 240, 243-44, 46 S. Ct. 492, 493 (1926)). Petitioner has failed to demonstrate extraordinary circumstances, therefore this claim is barred by the Younger abstention doctrine. See also Brown v. Ahern, supra.

////

////

| | |
|---|---|
| 1 | Further, plaintiff was ordered to either oppose the Motion or to file a statement of non-opposition, and he did neither, suggesting that, having reviewed the Motion to Dismiss, he determined that an opposition would be fruitless. |

Further, plaintiff was ordered to either oppose the Motion or to file a statement of non-opposition, and he did neither, suggesting that, having reviewed the Motion to Dismiss, he determined that an opposition would be fruitless.

In light of the foregoing, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be dismissed without prejudice based on the abstention doctrine;

2. No certificate of appealability should be issued; and

3. The Clerk of the Court should close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 3, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE